CHASEZ, Judge.
Mrs. Lucille McGimsey Robinson died in New Orleans on June 1, 1968. Her niece, Mrs. Ruth Simpson Sheffield, formally opened her succession and offered for probate a last will and testament of the decedent, in statutory form, dated April 7, 1965.
Mrs. Grantlyn Ponze, also a niece of the decedent, filed written opposition to the probate of this statutory will on the grounds that there was existent a valid will in olographic form executed by the testatrix on December 27, 1967, in New Orleans, Louisiana, which specifically revoked all prior wills she had made. Mrs. Ponze prayed that this olographic will be recognized as the last will and testament of the decedent, and as such be ordered offered for probate.
Mrs. Sheffield in turn filed a written opposition to the probate of the olographic will on the grounds that it was not entirely written, dated and signed by the testatrix.
The matter was submitted to the trial judge who ordered that the opposition filed by Mrs. Sheffield be dismissed, the opposition filed by Mrs. Ponze be maintained, and the olographic will dated December 27, 1967 be ordered offered for probate. The court so rendered and signed its judgment on the 25th day of November, 1968. The olographic will was subsequently proven and ordered probated by the trial court on the 9th day of December, 1968. On December 13, 1968 Mrs. Sheffield appealed from the judgment of November 25, 1968.
We are concerned in this appeal with the validity of the olographic will executed on December 27, 1967; if we find this document to be a valid will, it is the latest testament of the decedent and was properly ordered offered for probate as her last will and testament, and then probated.
The will in question was entirely written, dated and signed by the testatrix in her own hand. It will be noted on the second and last page of the instrument, after concluding a paragraph in which she left her personal and real property to her various nieces, great-nieces and great-nephews, Mrs. Robinson wrote the word “Codicil”, then proceeded to add an additional bequest in favor of her two great-nephews. At the conclusion of this paragraph the testatrix signed her name for the only time to this instrument.
The only contention made by appellant in this matter is that this olographic will is not valid in form, as it was not signed at its conclusion by the testatrix. She argues that only the codicil bears the signature of the testatrix and that in fact we have before us a dated but unsigned will, and a signed but undated codicil, though both are combined on the same pieces of paper. She concludes that both the will and the codicil are defective as neither meet the requirement of LSA-C.C. art. 1588.
*151 We cannot agree with the appellant’s position. The instrument was written wholly in the testatrix’s hand. She began with a date in proper form, and concluded with her signature. Simply because the word “codicil” appears between two dispositive portions of the document does not destroy the efficacy of the entire instrument as her valid last will and testament. Article 1588 simply requires that for an olographic will to be valid in form it must be written, dated and signed by the testator. As these conditions have been met herein, we find we do have a valid olographic will which was properly ordered offered for probate, and in due course probated.
Furthermore, even if we were to accept appellant’s premise that the decedent wrote her last will and testament and failed to sign it, but later added at its conclusion a paragraph which she intended as a codicil to that unsigned will, and signed this codicil, the unsigned will and the signed codicil appearing as they do following each other on the same page, fulfill the requirement of Article 1588 referred to above.
We note with interest the decision in Oglesby v. Turner, 124 La. 1084, 50 So. 859 (1909) a case involving a nuncupative will by public act, wherein the notary had designated the concluding bequest as a codicil and the witnesses, testatrix and notary had affixed their signatures only after this “Codicil” paragraph. In that case the court said that the word “codicil” is synonymous with the words “disposition” or “legacy”; the court was thus of the opinion that the addition of the paragraph designated as a codicil did not have the effect of breaking the document into two instruments, that it formed just one instrument, and that the objections to form were not well taken.
We believe the rationale of that case applicable here. The simple addition of the word “Codicil” between two disposi-tive paragraphs of an olographic will does not have the effect of changing that document into two separate instruments; and the signature of the decedent appearing only after the so-called “Codicil” paragraph, properly fulfill the codal requirement that the will be signed by the testatrix in her own hand. LSA-C.C. art. 1588.
For the reasons hereinabove set forth, the judgment appealed from is affirmed; appellant to pay all costs of this appeal.
Affirmed.